**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyrone Powell,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Federal Home Loan Mortgage Corporation, et al.,<br><br>　　　　　　Defendants. | No.  CV12-1231 PHX DGC<br><br>**ORDER** |

On June 11, 2012, Plaintiff Tyrone Powell filed a complaint and a request for a temporary restraining order ("TRO").  Doc. 1, 2, 5.  He also asked the Court to appoint counsel to represent him.  Doc. 3.  On the same day, Chief Judge Roslyn O. Silver denied Plaintiff's request for a TRO and motion to appoint counsel.  Judge Silver noted that Plaintiff had failed to satisfy the requirements of Federal Rule of Civil Procedure 65(b) for issuance of a TRO without notice.  Doc. 7.

**A.**     **Motion for Reconsideration.**

Plaintiff has filed a motion to reconsider Judge Silver's decision.  Doc. 9.  Courts in this district have identified four circumstances where a motion for reconsideration will be granted:  (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision,

or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Plaintiff has satisfied none of these standards.

Plaintiff's motion asserts that failure to grant a TRO will be a life-threatening event and will place Plaintiff at risk of severe harm and danger. The motion does not explain these assertions. Nor does the motion explain why notice to Defendants of Plaintiff's request for a TRO would cause Plaintiff irreparable harm. Fed. R. Civ. P. 65(b). As a result, the Court concludes that Plaintiff has not provided grounds for reconsideration of Chief Judge Silver's order.

**B.     Motion to Proceed *In Forma Pauperis*.**

Although he has paid the filing fee for this case (Doc. 6), Plaintiff has filed a motion to proceed *in forma pauperis* (Doc. 10). The Court presumes this is done to secure service of his complaint by the United States Marshal. The Court has reviewed the affidavit provided by Plaintiff and will grant his request to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).

**C.     Dismissal of Plaintiff's Complaint.**

28 U.S.C. § 1915 provides that the Court shall dismiss an *in forma pauperis* action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has reviewed Plaintiff's complaint (Doc. 1), and finds that it fails to state a claim. The complaint asserts that Plaintiff has been the victim of identity theft and asks the Court to enjoin Defendants from misusing Plaintiff's personal identification and money. The complaint contains no explanation, however, as to how Defendants are using this information, or how their use of the information is harming Plaintiff. The complaint does not explain what actions are being taken with his personal information, how those actions may harm him, or how they constitute a violation of law.

Other documents filed by Plaintiff obliquely suggest that he will lose his home if a TRO is not entered. The documents do not explain what actions Defendants are taking to

cause Plaintiff to lose his home, how the allegedly stolen and falsified personal information is part of any effort to take his home, or when any actions to take his home are likely to occur.  In short, the Court is unable to determine what Plaintiff is complaining about.

Plaintiff's complaint also fails to state the legal basis for any claim and for this Court's jurisdiction, and otherwise fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  As a result, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.  The dismissal will be without prejudice.

Plaintiff has asked the Court to order the Marshal's Service to serve Defendants.  Doc. 11.  Because Plaintiff's complaint is being dismissed without prejudice, this motion will be denied.

### D. Leave to Amend.

Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The complaint must comply with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.

The amended complaint must contain (1) the legal basis for this Court's jurisdiction over Plaintiff's claims, (2) the specific legal claims asserted by Plaintiff, set forth in separate counts if there are more than one claim; (3) the names of the Defendants against whom each claim is asserted; (4) exactly what each Defendant did or failed to do to give rise to Plaintiff's claims; (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  Conclusory allegations that a Defendant or group of Defendants have violated Plaintiff's legal rights are not acceptable and will be dismissed.

A first amended complaint will supersede Plaintiff's original complaint. After amendment, the Court will treat the original complaint as nonexistent.

**IT IS ORDERED:**

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 10) is **granted.**
2. Plaintiff's motion for reconsideration (Doc. 9) is **denied**.
3. Plaintiff's motion for U.S. Marshal to Provide Service to Defendants (Doc. 11) is **denied as moot**.
4. Plaintiff's motion for a Temporary Restraining Order (Doc. 12) is **denied**.
5. Plaintiff may file an amended complaint on or before **July 16, 2012**.

Dated this 15th day of June, 2012.

*David G. Campbell*
David G. Campbell
United States District Judge